CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KYLE B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:17cv00363 |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on January 7, 2019, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Kyle B. ("Kyle") has filed objections to the report, to which the Commissioner responded, and this matter is now ripe for the court's consideration.

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)

(citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69,

2

2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

3

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. Plaintiff's Objections[1]

Kyle raised two arguments before the magistrate judge on summary judgment—that the ALJ's findings were not supported by substantial evidence and that the ALJ's assessment of Kyle's allegations was not supported by substantial evidence. In his objections to the report and recommendation, Kyle takes issues with certain of the magistrate judge's findings as to each of these two arguments.

### A. Effect of Syncope on Residual Functional Capacity ("RFC")

Kyle argues the magistrate judge erred in concluding that because the ALJ specifically stated that she included Kyle's syncope diagnosis in her RFC determination, she complied with SSR 96-8P. ECF No. 22 at 2.[2] Kyle argues that this finding is in error because the ALJ provided no explanation for how she addressed limitations stemming from the syncope in her RFC findings and therefore did not build a logical bridge[3] between the evidence and her RFC findings. Kyle cites Thomas v. Berryhill, ___ Fed. Appx. ___, No. 17-2215, 2019 WL 193948 (4th Cir. 2019), where the Fourth Circuit stated that a proper RFC evaluation has three components: (1) evidence, (2) a logical explanation, and (3) a conclusion, with the logical explanation being as important as the other two. Id. at *3. He argues that the ALJ's opinion is not supported by substantial evidence because she did not explain her conclusion.

---

[1] Detailed facts about Kyle's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 8). As such, they will not be repeated here.
[2] "SSR 96-8p" refers to a Social Security Ruling which addresses the assessment of RFC in initial claims. SSR 96-8P (S.S.A.), 1996 WL 374184.
[3] See Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000) (observing that ALJ must "build an accurate and logical bridge from the evidence to his conclusion").

5

There is very little evidence regarding syncope in the record. Kyle did not point to any medical evidence and the only reference found was one assessment of syncope by one of Kyle's physicians, with no reference to symptoms in that record. R. 393. In addition, Kyle testified at the hearing that he had recently been getting dizzy. R. 49-50. The ALJ found that the syncope was a severe impairment and acknowledged Kyle's testimony regarding his dizziness. R. 15, 19. She stated that she gave great weight to the opinions of the state medical consultants, but included additional reaching and environmental limitations "based on the expanded record and the claimant's new diagnosis of syncope." R. 23. The environmental limitations she imposed include avoiding exposure to hazardous machinery, working at unprotected heights, climbing ropes, ladders, and scaffolds, and working on vibrating surfaces. R. 18. Being mindful of Thomas, it appears obvious from the record that the ALJ imposed the environmental restrictions to exclude jobs where becoming dizzy would be dangerous. Accordingly, the court finds no error in either the magistrate judge's or ALJ's analysis of this issue and overrules Kyle's objection.

## B. Need for Breaks in Residual Functional Capacity (RFC) Assessment

Kyle also objects to the magistrate judge's conclusion that the ALJ adequately considered the number of breaks he would need in a workday. The magistrate judge found that Kyle pointed to no evidence in the record indicating that he needed more than the normal number of breaks in a workday.[4] Kyle counters that he did point to medical evidence

---

[4] Kyle also notes that the magistrate judge stated that Kyle's RFC limited him to a six-hour workday rather than an eight-hour workday and that if this were true, Kyle would be entitled to a finding of disability because he could not engage in substantial gainful activity. Kyle is correct that the magistrate judge made that statement on page 10 of the Report and Recommendation, ECF No. 21 at 10. However, the ALJ actually found that Kyle could

6

confirming the severity of his impairments that would cause him to be unable to maintain a static work posture without extra breaks. A review of the medical evidence cited by Kyle and the ALJ's decision shows that the ALJ considered the evidence. Compare ECF No. 13 at 3-4 with R. 21. Nevertheless, the ALJ concluded that there were no persuasive medical opinions in the record that suggested greater physical limitations than what was accounted for in Kyle's RFC. With the exception of one treating physician who said that Kyle had a limited ability to push and pull, no medical provider offered a reasoned opinion regarding Kyle's limitations. R. 22. The ALJ cited the state medical consultants' findings that Kyle could do light work with postural limitations, R. 22-23, and the medical records showing Kyle exhibited no difficulty initiating movement, moving generally, or muscle tremors, and that he maintained a normal gait and did not display difficulty with transfers. In addition, although he had tight hamstrings, straight-leg testing was negative. R. 23.

The magistrate judge's finding that the ALJ properly concluded that there was no opinion in the record supporting a need for additional breaks is supported by the record. Accordingly, the court finds no error on this issue and Kyle's objection is overruled.

## C. Hypothetical Question

Kyle also objects to the magistrate judge's finding that the ALJ included all of Kyle's impairments in the hypothetical question to the vocational expert. In particular, Kyle claims that the ALJ failed to include questions regarding his need for frequent breaks to change position or the effect of the syncopal spells on Kyle's ability to stay on task during the workday.

---

work an eight-hour day and could stand and/or walk for six hours and sit for six hours. R. 18. The magistrate judge's misstatement of the record is harmless and does not require a remand.

7

However, in the ALJ's first hypothetical question to the vocational expert, she included limitations based on his syncopal episodes (avoiding exposure to hazardous machinery, no working at unprotected heights or climbing ladders, ropes, or scaffolds), and the vocational expert testified that jobs existed for Kyle in the national economy. R. 63-64. In the last hypothetical, she included that the person would have a need to nap most of the day, which precluded all employment. R. 65-66.

Kyle argues that the hypothetical questions failed to ask about the effect of pain and syncope on his ability to sustain work activity over the course of an eight-hour workday because of the need to take multiple breaks throughout the day to change positions or to stop work activity and rest. Kyle points to no evidence in the record that his syncope created a need for him to take multiple breaks. In addition, as discussed above, the ALJ found that Kyle's allegation that he needed to stay in bed all day was not supported by medical opinion evidence. Hypothetical questions need only reflect impairments that are supported by the record. Russell v. Barnhart, 58 Fed. Appx. 25, 30 (4th Cir. 2003).

Moreover, Kyle's attorney had an opportunity to include in her hypothetical question to the vocational expert a need to change positions and did not do so. R. 67-69. "[A]ny possible defects in an ALJ's hypothetical are cured when the plaintiff's attorney is given an opportunity to pose questions to the VE." Smith v. Astrue, No. 2:11-CV-025-MR-DCK, 2012 WL 3191296 (W.D.N.C. 2012) (citing Shively v. Heckler, 739 F.2d 987, 990-91 (4th Cir. 1984)).

The magistrate judge correctly determined that the hypothetical questions posed by the ALJ were proper and supported by substantial evidence in the record. Kyle's objection to the hypothetical questions is overruled.

## D. Manipulative Limitations in RFC

Kyle argues that the ALJ erred by not including any manipulative limitations in the RFC. He objects to the magistrate judge's conclusion that the ALJ properly assessed the record because she took into account the evidence of decreased motor strength in his right bicep and some decreased sensation in his right hand. ECF 21 at 13.

In 2011, while incarcerated, Kyle reported intermittent complete right arm numbness involving all fingers and the loss of strength in his arm. R. 297-298. He had decreased sensation to pin prick in his right upper arm and an MRI indicated degenerative disc disease in his cervical spine. Surgery was recommended, but apparently never occurred. R. 305.[5] At the hearing, Kyle testified that he frequently dropped things. R. 55.

In assessing Kyle's RFC, the ALJ cited the 2011 medical evidence and Kyle's hearing testimony, but also noted that in 2013 he exhibited decreased sensation to light touch in the ulnar aspect of his right hand but that no other deficits were noted on examination. R. 20, 347. The ALJ also noted that there was no evidence of reduced grip strength in the hands, loss of color in the allegedly affected areas, or muscle atrophy. R. 23.

The magistrate judge considered Kyle's argument regarding manipulative limitations, but found that there was substantial evidence in the record and sufficient reasoning in the ALJ opinion to support the RFC. ECF No. 21 at 11, 13. The court agrees that the record contains substantial evidence supporting the ALJ's decision to not include manipulative limitations in

---

[5] The magistrate judge cited R. 295 to say that Kyle refused surgery. That document shows that Kyle refused oral surgery. However there is another reference in the record that Kyle "signed a refusal form for any outside appts. regarding his neck." R. 338.

9

the RFC assessment. Accordingly, the court declines to find that the magistrate judge erred and overrules Kyle's objection.

**E. Subjective Complaints**

Kyle further objects that the ALJ did not properly credit his subjective complaints of impairment. In support of this objection, Kyle argues that the magistrate judge erred in concluding that the ALJ provided a detailed narrative discussion of Kyle's medical history because the ALJ failed to include any manipulative limitations and thus failed to build a bridge between the evidence and her conclusions. Kyle also argues that the magistrate judge erred in concluding that the ALJ properly considered the evidence of record, asserting that the ALJ cherry picked evidence and ignored evidence confirming abnormal findings and Kyle's difficulty moving and manipulating objects.

The court finds that this argument is a reiteration of Kyle's argument, set forth above, that the ALJ should have included manipulative limitations in her RFC. This argument fails for the same reason: substantial evidence supports the ALJ's finding that Kyle did not have manipulative limitations and the magistrate judge did not err in reaching that conclusion.

Kyle additionally objects to the magistrate judge pointing out that written statements Kyle made when applying for reconsideration differed from statements made at the hearing, without acknowledging the passage of time. The evidence regarding conflicts in statements Kyle made at different times was described by the magistrate judge as part of his assessment of the ALJ's analysis of Kyle's subjective complaints and does not constitute error. To the contrary, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (citing Gordon

10

v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984)). "The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Id. The magistrate judge set out the relevant legal standards for assessing subjective complaints, and then described the evidence in the record which indicated that Kyle's subjective complaints were inconsistent with the medical evidence, including the conflicts between statements he gave at different stages of the social security proceedings. ECF No. 21 at 11-13. The description of the evidence was not error by the magistrate judge and does not provide a basis for remand.

Finally, Kyle objects that the magistrate judge attempted to build a logical bridge that the ALJ herself did not build, which is impermissible. With regard to the requirement that an ALJ "build an accurate and logical bridge from the evidence to his conclusion," the Clifford court explained that an ALJ must make clear why the objective medical evidence does not support a claimant's allegations of disabling pain. It is insufficient to merely list daily activities as substantial evidence that a claimant does not suffer disabling pain. Clifford, 227 F.3d at 872. Nor is it sufficient for the ALJ to simply recite medical evidence that she believes tends to discredit a claimant's testimony. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

In this case, the ALJ cited Kyle's testimony and summarized the medical evidence. She then stated that there were no persuasive medical opinions in the record to suggest greater physical or mental limitations that what she accounted for in her RFC assessment. R. 22. The only medical opinion addressing Kyle's limitations was provided by Dr. Bell who stated that he had a limited ability to push and pull but offered no diagnosis or rationale for the limitation. The ALJ gave that opinion "some weight," concluding that all the deficits were accounted for

11

by limiting Kyle to light work with only frequent overhead lifting. Id. The ALJ also addressed the medical evidence of syncope by imposing environmental and balancing restrictions in the RFC. R. 23. The ALJ further concluded that Kyle's range of motion deficits, intermittent spasms on examination, and imaging that confirmed degenerative disc disease were accounted for by limiting him to light work with additional non-exertional limitations. Id. The ALJ thus made clear her reasons for reaching her conclusion about Kyle's RFC and satisfied the requirements of Clifford and Monroe.

The magistrate judge's determination that the ALJ's credibility assessment is supported by substantial evidence is correct. The ALJ built the requisite "logical bridge" and Kyle's objection that she did not is overruled.

## CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 01 - 31 - 2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge